UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Travis Lee Bowen, | ) C/A No. 8:10-1249-CMC-BHH |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Robert Ariail, 13th Circuit Solicitor, and | ) |
| Steve Loftis, Greenville County Sherriff, | ) |
| Defendants. | ) |

This is a civil action filed *pro se* by a local detention center inmate.[1] Plaintiff is currently confined at the Greenville County Detention Center. In the Complaint submitted in this case, liberally construed, Plaintiff seeks damages for Fourth Amendment violations (unreasonable seizure) and also for certain state claims such as false arrest, false imprisonment, and defamation, arising from a February 9, 2006 arrest on six theft-related criminal charges. He claims that the charges were ultimately dismissed against him when he passed a polygraph and that he was promised "that all six charges would be removed from [his] record as if they were never there." He alleges that only recently has he learned that the charges were still showing on his record, and that he has lost employment opportunities because he thought the charges were not showing on his record and so he did not tell prospective employers about them.

The only Defendants named in this case are the Greenville County Solicitor, Robert Arial, and the Greenville County Sheriff, Steve Loftis. Careful review of the contents of the Complaint discloses that Plaintiff made no specific allegation of wrongdoing against either Defendant. In fact,

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

neither Defendant's name is mentioned anywhere in the Complaint except for in the spaces provided for the names and addresses of the defendants.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs*., 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

The Complaint is subject to summary dismissal as to both Defendants because, as stated previously, following a careful review of the Complaint, there are absolutely no allegations contained in the Complaint against either Defendant. Under the provisions of the Prison Litigation Reform Act, more specifically 28 U.S.C. § 1915(e)(2)(B), this Court should dismiss an action filed by a prisoner which is "frivolous" or "fails to state a claim on which relief may be granted." Since there are no allegations of any wrongdoing on the part of either Defendant, Plaintiff's Complaint

is both frivolous and fails to state a claim on which relief can be granted as to these "Defendants." *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996)(statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 389n. 2 (4th Cir. 1990)(dismissal proper where there were no allegations to support claim); *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999); *see also Kuhn v. Milwaukee County*, No. 02-3522, 59 Fed. Appx. 148, *2 (7th Cir., Feb. 18, 2003). In absence of substantive allegations of wrongdoing against the named Defendant, there is nothing from which this Court can liberally construe any type of viable cause of action arising from the Complaint. It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for state prisoners or *pro se* litigants. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

Additionally, even though he does not specifically reference a federal statute as the basis for his claims, liberally construed his allegations state a potentially viable § 1983[2] claim for Fourth Amendment violations against someone; however, as stated above, since neither Defendant is even mentioned in the Complaint, the required personal involvement is missing. In order to assert a viable section 1983 claim against any particular public official, a "causal connection" or "affirmative link" must exist between the conduct of which the plaintiff complains and the official sued. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir.1983). A plaintiff, such as Plaintiff is this case, suing a government official in his individual capacity and thereby seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right complained of. *See*

---

[2] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

*Graham*, 473 U.S. at 166. Although there is a limited exception to the prohibition against imposing liability on supervisory personnel in § 1983 cases under the doctrines of respondeat superior or vicarious liability which has been enunciated in cases such as *Slakan v. Porter*, 737 F.2d 368, 370-75 (4th Cir. 1984), that exception does not operate to save Plaintiff's Complaint from dismissal for frivolity in this case. The *Slaken* exception is not adequately pled in this case, even under a very liberal construction of Plaintiff's allegations, because, as previously noted, there are no allegations at all against either Defendant. Plaintiff has not named as Defendant any Greenville County employee or official who allegedly *personally* violated Plaintiff's constitutional rights, much less has he alleged that either of the Defendants were aware of the allegedly unconstitutional activities of the unnamed individual employee(s) or official(s). Thus, Plaintiff has not sufficiently alleged any "pervasive and unreasonable risk of harm from some specified source . . . "nor has he alleged that either Defendant's "corrective inaction amounts to deliberate indifference or 'tacit authorization of the offensive [practices],' " 737 F.2d at 373 (emphasis added), as required to state a viable claim of supervisory liability in § 1983 cases. *See Shaw v. Stroud*, 13 F.3d 791 (4th Cir. 1994). Since there are no allegations of any individual wrongdoing or potential supervisory liability for anyone else's wrongdoing on the part of either of the named Defendants, Plaintiff's Complaint is both frivolous and fails to state a claim on which relief can be granted. *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996)(statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 389 (4th Cir. 1990)(dismissal proper where there were no allegations against defendants).

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993);

*Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

    Plaintiff's attention is directed to the important notice on the next page.

                              s/Bruce Howe Hendricks
                              United States Magistrate Judge

May 25, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).